IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00242-KLM

AARON SCARBOROUGH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion for Leave to Designate, Out-of-Time, Nonparty at Fault** [#20] (the "Motion"). Defendant seeks to designate as a nonparty at fault the inmate who physically attacked Plaintiff while they were incarcerated at the United States Bureau of Prisons. The law allows unknown individuals to be designated as "John Doe" nonparties at fault in certain circumstances. *See, e.g.*, *Garza v. The Pep Boys – Manny, Moe & Jack of Del., Inc.*, No. 10-cv-00365-REB-KLM, 2011 WL 486197, at *3 (D. Colo. Feb. 7, 2011) (holding that a John Doe who may have caused a car accident could be designated as a nonparty at fault); *Jenkins v. FMC Techs., Inc.*, No. 07-cv-02110-LTB-KMT, 2008 WL 4059861, at *1 (D. Colo. Aug. 29, 2008) (stating that an unidentified and undiscovered party could be designated as a nonparty at fault only if the designation sets forth facts sufficient to permit the plaintiff to identify the transaction or occurrence which led to the nonparty's fault so that the plaintiff can prepare to address the nonparty's conduct). Defendant has sufficiently identified such conduct here. However, Defendant has not provided authority for designating a nonparty at fault whose identity is already known without providing the nonparty's name. Here, without reference to case law, Defendant cites only to vague "security and confidentiality concerns." [#20-1] at 2. Without more specific facts and citations to legal authority, the Court finds that Defendant must provide the name of the nonparty at fault. If appropriate, Defendant may simultaneously file a motion to restrict under D.C.COLO.LCivR 7.2. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#20] is **DENIED without prejudice**.

    Dated: June 18, 2015